## JIM FRAZIER v. STATE.

No. A-10422. July 25, 1945.
(161 P. 2d 84.)

Grover L. Bynum and F. C. Helm, both of Henryetta, for plaintiff in error.

Randell S. Cobb, Atty. Gen., and L. A. Wallace, Co. Atty., of Okmulgee, for defendant in error.

BAREFOOT, P. J. Defendant, Jim Frazier, was charged in the district court of Okmulgee county with the crime of larceny of domestic animals, to wit: one black mare, age six years, and one bay horse, age ten years. He was tried, convicted and sentenced to serve a term of three years in the State Penitentiary at McAlester, and has appealed.

This case was filed in this court on June 26, 1943. It was assigned for oral argument on November 15, 1944, and was stricken from the docket, and re-assigned for December 13, 1944. Counsel for defendant was present on that date, and the case was submitted and defendant given 30 days to file brief. No brief has been filed.

In compliance with the rules of this court, we have examined the record to see if any fundamental error was committed which would require a reversal.

The contention made in the petition in error, that the court erred in overruling the motion for continuance, is without merit. This is a matter that is within the discretion of the trial court, and an examination of the record does not disclose that this discretion was abused.

Defendant was charged with two codefendants, Harl Haley and Hershel Clayton, with the larceny of the two horses above described, the property of Fred Phillips, a resident of Okmulgee county.

The evidence was that these three defendants went to the pasture of Fred Phillips on the night of June 14, 1941, and took therefrom the two horses. They tore down the fence and tied the horses to some bushes, and returned later at night in a truck belonging to defendant, loaded the horses therein and took them by way of Checotah, Eufaula and McAlester to Durant, in Bryan

county. There the defendant, in the presence of his co-defendants, attempted to sell the horses, and all three of the defendants were arrested and placed in jail. Later they were returned to Okmulgee.

The defendant claimed that the horses were the property of an uncle of one of his codefendants, living in Okmulgee county.

The two codefendants entered pleas of guilty, and both testified for the state at the trial of this defendant.

It was contended, that they, being accomplices, which is true, their evidence was not properly corroborated, as provided by Oklahoma Statutes. 22 O. S. 1941 § 742 provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

We have carefully read the record and find that the evidence abundantly corroborates their testimony. It is unnecessary to point out the details, or to cite the authorities, as they are annotated under the statute above cited.

We have examined the information, the instructions, the judgment and sentence, and find that the defendant had a fair and impartial trial. He was given the minimum sentence provided by law.

The judgment of the district court of Okmulgee county is affirmed.

JONES, J., concurs. DOYLE, J., not participating.